UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL MOGUEL, ET AL                                CIVIL ACTION

VERSUS                                               NO. 11-2902 & consol. cases
                                                     Pertains to: 11-2923

RHEEM MANUFACTURING COMPANY                          SECTION "C"(3)

ORDER

This matter comes before the Court on motion for partial summary judgment on plaintiffs' claims for bad faith penalties and attorneys fees and motion for summary judgment to dismiss plaintiffs' claims for breach of their duties after a loss and/or for material misrepresentation filed by State Farm Fire and Casualty Company ("State Farm"). Rec. Docs. 61, 63.   Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is inappropriate for the following reasons.

The two motions filed by State Farm rely on identical affidavits of Jeremy Hebert ("Hebert"), a State Farm Claim Representative. Rec. Docs. 61-4 at 1-3, 63-2 at 35-37.  In the opposition memorandum to both motions, the plaintiffs squarely challenge the adequacy of the affidavits under Fed.R.Civ.P. 56( c)(4), which allows for consideration of an affidavit containing "facts that would be admissible in evidence," and under

1

Fed.R.Evid. 803(6), which recognizes an exception to the hearsay rule:

> A record of an act, event, condition, opinion, or diagnosis if:
> (A)  the record was made at or near the time by – or from information transmitted by – someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> ( C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Rec. Doc. 90 at 6.  In reply, State Farm states that the affidavit complies with Rule 803(6) without explanation.  Rec. Doc. 98 at 8.

The Court's reading of the Hebert affidavits indicates that they do not comply with the requirements of Rule 803(6) because, at a minimum, Hebert does not provide any information with regard to the first three requirements of the rule.  Therefore, the affidavits can not be considered under Fed.R. Civ. P. 56 ( c)(4), and both motions are subject to denial.[1]

Accordingly,

IT IS ORDERED that the motion for partial summary judgment on plaintiffs' claims for bad faith penalties and attorneys fees filed by State Farm Fire and Casualty

---

[1] The Court notes that there appears to be material miscitations to policy language in the memoranda and exhibits relative to State Farm's motions.

2

Company is DENIED.  Rec. Doc. 61.

IT IS FURTHER ORDERED that the motion for summary judgment to dismiss plaintiffs' claims for breach of their duties after a loss and/or for material misrepresentation filed by State Farm Fire and Casualty Company is DENIED.  Rec. Doc. 63.

IT IS FURTHER ORDERED that counsel for the plaintiffs shall contact Magistrate Knowles to arrange for a settlement conference in these consolidated cases.

New Orleans, Louisiana, this 25th  day of June, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE